IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JONES & CO., L.P., | ) | CASE NO. 1:18-cv-150-AJS |
| | ) | |
| Plaintiff | ) | (Senior District Judge Arthur J. Schwab) |
| | ) | |
| v. | ) | |
| | ) | |
| BRUCE JAKIEL, | ) | |
| | ) | |
| Defendant | ) | |

## CONSENT ORDER

AND NOW, the Court being advised by the parties that they consent to the relief set forth in this Order, and the Court finding good cause for the relief requested herein, IT IS HEREBY ORDERED:

1. The parties agree to the entry of a temporary and preliminary injunction, lasting until such time as FINRA Dispute Resolution renders an award in the underlying dispute, enjoining and restraining Defendant Bruce Jakiel, directly or indirectly, and whether alone or in concert with others, from:

   a. Initiating contact with any Edward Jones client serviced by Mr. Jakiel while at Edward Jones or with respect to whom Mr. Jakiel was privy to trade secret or confidential information ("Edward Jones' Clients"), for the purpose of directly or indirectly inviting, encouraging, or requesting any such client to transfer from Edward Jones to Mr. Jakiel, to open a new account with Mr. Jakiel, or to otherwise discontinue his/her/its patronage and business relationship with Edward Jones. Provided, however, that:

      i. The parties expressly agree that any communications between Mr. Jakiel and Edward Jones' Clients prior to the date of this order will not be deemed a violation of this order; Edward Jones, however, retains its right to argue that such communications violate the terms of the Financial Advisor Employment Agreement.

      ii. The parties also expressly agree that Mr. Jakiel can accept business from any Edward Jones client who has instructed Mr. Jakiel that they want to transfer their accounts to Edward Jones.

      iii. The parties also expressly agree that Mr. Jakiel will identify to counsel for Edward Jones in this action, Attorneys David Belczyk and David Tyron, within seven days of the entry of this order those clients who have informed

       him, before the filing of this action, that they intend to transfer their accounts to Mr. Jakiel (the "List"). The parties further agree that Mr. Jakiel is permitted to communicate with those clients for the purpose of accomplishing the intent to transfer and execute those transfers for those clients. Following those transfers, any communications between Mr. Jakiel and those clients will not be deemed a violation of this order. The List is designated Attorneys' Eyes Only, is to be kept confidential by Edward Jones' counsel, including, but not limited to, David Belczyk, David Tyron, Christopher Pickett, and Tali Katz, and is not to be disclosed by Edward Jones Attorneys to any other individuals affiliated with or acting on behalf of Edward Jones.

    iv.    If, following entry of this order, Edward Jones' clients inform Mr. Jakiel that they intend to transfer their accounts to Mr. Jakiel, the parties agree that Mr. Jakiel is permitted to communicate with those clients for the purpose of accomplishing the intent to transfer and execute those transfers for those clients. Following those transfers, any communications between Mr. Jakiel and those clients will not be deemed a violation of this order.

    v.    Notwithstanding the foregoing, Edward Jones does not waive its right to seek damages for the alleged unlawful or improper transfer of any business from Edward Jones to Mr. Jakiel whether it occurred before or after the entry of this order.

  b.  Using, disclosing, or transmitting for any purpose Edward Jones' documents, materials, trade secrets, and/or confidential or proprietary information pertaining to Edward Jones, its employees, its operations, and/or its clients.

2. In the event the underlying FINRA arbitration is not concluded on or before February 16, 2019, the restrictions contained in Paragraph 1(a) shall terminate on February 16, 2019.

3. Mr. Jakiel represents that he is not in possession of documents constituting the "Green List" or "Household Rank Report" (as those terms are used in the Verified Complaint) and has not been in possession of those documents at any time following his termination from Edward Jones.

4. Mr. Jakiel agrees to return to Edward Jones any Edward Jones' documents, materials, trade secrets, and/or confidential or proprietary information pertaining to Edward Jones, its employees, its operations, and/or its clients within five calendar days of entry of this order. Mr. Jakiel also agrees to return to Edward Jones any Edward Jones' documents, materials, trade secrets, and/or confidential or proprietary information located by him after entry of this order within five calendar days of location of the documents or information.

5. This order in no way constitutes a decision on the merits of Edward Jones' underlying claims for any purpose, including for purposes of an award of attorney's fees, and neither party is deemed a prevailing party based on this order. Mr. Jakiel expressly denies any

liability as to the merits of Edward Jones's claims contained in the Verified Complaint or the FINRA Statement of Claim.

6. In the event Edward Jones believes Mr. Jakiel has failed to comply with this order, before it initiates any contempt or other legal proceedings based on such failure, Edward Jones shall send written notice of the alleged violation to Mr. Jakiel through counsel, or directly if he is no longer represented by counsel. Edward Jones shall then allow Mr. Jakiel three business days to respond to the written notice before initiating any such proceeding.

7. The Mediation scheduled for May 30 is cancelled and the parties shall arbitrate Plaintiff's underlying substantive claims pursuant to the FINRA Rules of Arbitration Procedure as soon as reasonably possible.

8. The remainder of this action is stayed pending the resolution of arbitration.

9. Because the parties have negotiated this order consensually, no bond will be required related to this order.

IT IS SO ORDERED, this the 29th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE

Prepared and Consented by:

PORTER WRIGHT MORRIS & ARTHUR LLP

By: /s/ David M. Belczyk, Esq.
David M. Belczyk, Esq.
1 PPG Place, Floor 28
Pittsburgh, Pennsylvania 15222
(412) 235-1483
dbelczyk@porterwright.com

Attorneys for Plaintiff,
Edward Jones & Co., L.P.

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

By: /s/ Alexander K. Cox
Alexander K. Cox, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800
acox@kmgslaw.com

Attorneys for Defendant,
Bruce Jakiel

# 1934162.v1

10. Motion for TRO (ECF 2) is terminated.

11. Case is Administratively CLOSED subject to motion to re-open, for good cause shown, on or before March 1, 2019

05/29/18